UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABELARDO MORALEZ,

                Plaintiff,

v.

MICHAEL SHANNON MOORE,
THOMAS WILSON, AMANDA RISKA,
ROBERT D. MOORE, JASON GANZHORN,
RICHARD MICHAEL KLIMMER,
GERALD WHALEN, GLENN J. PAGE,
PATRICK BURTCH, JENNY MORRIS,
SHERIDAN SURVEYING, P.C.,
THOMAS TINKLEPAUGH, and
ADAM BROOKER,

                Defendants.

_____/

Case No. 2:17-cv-10567
District Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MAY 31, 2017 MOTIONS THAT SEEK INJUNCTIVE RELIEF (DEs 37 and 38)

**I.     RECOMMENDATION**: The Court should deny Plaintiff's May 31, 2017 motions that seek injunctive relief (DEs 37 and 38), as described in further detail below.

**II.    REPORT:**

Plaintiff filed this lawsuit *in pro per* on February 21, 2017.  On May 31, 2017, Plaintiff filed several matters, including:  **(1)** a "dispositive pretrial motion for discovery counter motions for dismissal concurrences with writ of manifest error brief in support of trial by a jury[,]" (DE 36); **(2)** a motion for Defendant

1

Gerald Whalen of the Michigan Liquor Control Commission to revoke Defendant Michael Shannon Moore's state license to operate "taxed spirits, beer [and] wine" from Moorski's Pub in Jackson, Michigan (DE 37); **(3)** a motion for preliminary injunction and temporary restraining order pursuant to Fed. R. Civ. P. 65 (DE 38); and **(4)** a motion for interrogatories, which sets forth five interrogatories as to five different defendants (DE 39).  Responses to these motions have been filed.  (DEs 51, 55, 62; DE 54; DEs 53, 57; DEs 52, 56, 62.)

On June 13, 2017, this Court granted Plaintiff's request for oral argument (*see* DE 40 at 2) and noticed these motions for a June 21, 2017 hearing.  (DE 50.) On the date set for hearing, Plaintiff appeared, as did the following defense attorneys:  Brendon R. Beer (for Michael Shannon Moore and Robert D. Moore); Rhonda R. Stowers (for Ganzhorn, Klimmer, Burtch, Morris, Tinklepaugh and Brooker); Jason A. Geissler (for Whalen); and Elizabeth R. Husa Briggs (for Page).[1]  The Court entertained oral argument as to each of the motions before it.

Upon consideration of the motion papers and the parties' oral argument, and consistent with my statements from the bench, Plaintiff's May 31, 2017 motions that seek injunctive relief (DEs 37 and 38) should be denied.  The first of the motions, as appears in the briefing and as explained by Plaintiff at the hearing,

---

[1] The non-appearance of Defendant Sheridan Surveying, P.C., will be addressed separately.

2

seeks revocation of his next door neighbor's (Defendant Michael Shannon Moore's) state license to operate taxed spirits, beer and wine from Moorski's Pub (DE 37), a matter which is strictly within the purview of Michigan's Liquor Control Commission.  *See* Mich. Comp. Law §§ 436.1201(2), 436.1903(1).[2]  As to the other motion, which ostensibly seeks permission to enter onto Defendant Michael Shannon Moore's property in order to correct a housing code violation at Plaintiff's residence (DE 38), this, too, does not present a federal question, and Plaintiff fails to show how any federal right is implicated in this local dispute over housing code violations and whether he can be excused from trespass on his next door neighbor's property.  In sum, the relief that Plaintiff requests in these two motions is not within this Court's federal question jurisdiction.  *See* 28 U.S.C. § 1331.  Lacking a federal question, I also fail to see a basis for diversity jurisdiction, as the parties are all Michigan residents or Michigan governmental entities.  *See* 28 U.S.C. § 1332.  Even if the Court had subject matter jurisdiction to take up these requests for preliminary equitable relief, in order to "justify a preliminary injunction, four prerequisites must be met:

---

[2] In addition, it is unclear whether this entity has been named as a party, and, even if it is a named party, it has not been served and no related summons has issued. (*See* DE 2.)  Moreover, the Michigan Liquor Control Commission (MLCC) falls under the umbrella of Michigan's Department of Licensing and Regulatory Affairs (LARA).  As the United States Supreme Court has stated, "[i]t is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

> 1) the plaintiff has a substantial likelihood of success on the merits; 2) irreparable harm or injury will result in the absence of an injunction; 3) the harm to the movant in the absence of an injunction outweighs the harm to the non-movant that would result from an injunction; and 4) the issuance of an injunction will serve the public interest.

*Chem-Trend Inc. v. McCarthy*, 780 F. Supp. 458, 459 (E.D. Mich. 1991) (citing *Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir.1977)). Here, Plaintiff has not established any of these elements or attached evidence in support thereof.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: June 22, 2017         s/Anthony P. Patti
                             Anthony P. Patti
                             UNITED STATES MAGISTRATE JUDGE


### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on June 22, 2017, electronically and/or by U.S. Mail.

                             s/Michael Williams
                             Case Manager for the
                             Honorable Anthony P. Patti