UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABELARDO MORALEZ,

    Plaintiff,

v.

MICHAEL SHANNON MOORE, et al,

    Defendants.

Case No. 17-10567
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**ORDER ADOPTING REPORT AND RECOMMENDATION [63], DENYING PLAINTIFF'S MOTIONS SEEKING INJUNCTIVE RELIEF [37, 38], AND PARTIALLY DISMISSING CASE**

In February 2017, Plaintiff Abelardo Moralez filed a *pro se* complaint in this Court, asserting various claims against a multitude of defendants. (R. 1.)

The 21-page complaint is very difficult to decipher, but it appears to center on a longstanding dispute Moralez has had with Defendant Michael Shannon Moore, whose pub, Moorski's, is next-door to Moralez's home in Jackson, Michigan. Moralez alleges that Moore threatened him, took (and burned) some of his property, and denied him access to the pub. The complaint cites Michigan and federal law throughout. Moralez opens the complaint by alleging violations of Section 1983, RICO, and the "Michigan Stalker Statute." (R. 1.) Count I appears to assert that a state-court judge and clerk violated his rights under the federal and Michigan constitutions by refusing to issue a PPO against Moore. (R. 1, PID 3.) Count II appears to assert that Michigan's Judicial Tenure Commission violated both constitutions as well, for reasons that are not entirely clear. (R. 1, PID 4.) Count III appears to assert that certain Jackson officials and entities violated unspecified state and federal laws by condemning certain property. (R. 1, PID 5.) It also appears to request that the Court force Moore to come into compliance with certain

code provisions. (R. 1, PID 6.) Moralez further asserts that Moore bullied him with racist and homophobic remarks and threatened him. (R. 1, PID 7.) Count IV appears to assert that a surveying company and Moore together "absconded" with some of Moralez's land. (R. 1, PID 10.) He seeks a new survey. (*Id.*) Count V asserts that various Jackson city and police officials violated a host of federal laws by doing nothing to stop Moore's harassment and threats. (R. 1, PID 11.) It is not clear what the claim is under Count VI, but it references federal "Hobbs Act-Extortion" and certain threats made by Moore and his associates. (R. 1, PID 16.) Count VII cites RICO and describes an incident in which Moore allegedly burned down Moralez's house. (R. 1, PID 18.)

The Court referred all pretrial matters to Magistrate Judge Anthony P. Patti. (R. 3.) Afterward, Moralez filed two motions seeking injunctive relief. In one motion, he seeks the revocation of Moore's state-issued liquor license for the pub. (R. 37.) In the other, he seeks an injunction allowing him to do certain repairs on Moore's property to correct code violations. (R. 38.) Magistrate Judge Patti held a hearing on the motions on June 21, 2017 and recommends denying the two motions. (R. 63.) Moralez objects. (R. 68.)

Having performed a *de novo* review of those portions of the magistrate judge's report and recommendation to which Moralez has objected, 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Court will adopt the recommendation of the magistrate judge for the reasons explained below.

The magistrate judge concluded that Moralez's claims for injunctive did not implicate any federal right, leaving the Court without subject-matter jurisdiction to entertain them. (R. 63.) The magistrate judge also concluded that even if the Court had subject-matter jurisdiction over

the claims for injunctive relief, Moralez failed to offer anything in support of any of the factors used for determining whether such relief is appropriate. (R. 63.)

The Court agrees with this outcome, but for slightly different reasons. It is true that Moralez has made no showing that he is entitled to a temporary restraining order or preliminary injunction. *See Entm't Prods., Inc. v. Shelby County, Tenn.*, 588 F.3d 372, 377 (6th Cir. 2009) (listing the factors for preliminary injunctive relief as "(1) whether the plaintiff has established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief."); *see also Koole v. Wells Fargo Bank, NA*, No. 14-13976, 2015 WL 3408944, at *1 (E.D. Mich. May 27, 2015) ("These same factors are considered in evaluating whether to issue a temporary restraining order"). In particular, he has shown no likelihood of success on the merits for his claims that this Court should enable him to repair Moore's property and strip Moore of his state-issued liquor license. Moralez's inscrutable objections, which by and large fail to address the report and recommendation or the factors relevant to preliminary injunctive relief, do not sway the Court otherwise.

But it is not true that the Court lacks subject-matter jurisdiction simply because some of Moralez's claims do not implicate a federal question. His complaint invokes 42 U.S.C. § 1983, alleging that various public officials deprived him of his constitutional rights. This provides original subject-matter jurisdiction for at least some of Moralez's claims. *See* 28 U.S.C. § 1331.

That means that Moralez's state-law claims (against non-diverse parties) could still fall within the Court's subject-matter jurisdiction via "supplemental jurisdiction" under 28 U.S.C. § 1367. But assuming that supplemental jurisdiction would be appropriate, to avoid jury confusion,

the Court declines to exercise supplemental jurisdiction over *any* of Moralez's state-law claims, including his two requests for injunctive relief reflected in docket entries 37 and 38, which appear to be entirely grounded in state-law. *See* 28 U.S.C. § 1367(c); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994); *see also Kozma v. City of Livonia*, No. 14-CV-12268, 2014 WL 3956450, at *1 (E.D. Mich. Aug. 13, 2014). If this case proceeds to trial, it will be confusing enough for a jury to consider the federal claims alone. So the case will be limited to those issues going forward.

Now for Moralez's objections. None have merit.

First, he objects that a Michigan Assistant Attorney General, Jason Geissler, lied at the hearing before Judge Patti. He does not explain how or why this impacted the report and recommendation.

Second, Moralez objects that an attorney failed to appear at the hearing. He also appears to seek a trial date. This has nothing to do with the magistrate judge's recommendation.

Moralez's third objection is lengthy and unclear, but among other things, he offers that there is "no doubt" that the Court has subject-matter jurisdiction to "hear civil rights violations" concerning "deprivation of entry to places of public accommodation." (R. 68.) True, but that has nothing to do with his claims for injunctive relief to correct code violations on Moore's property and to revoke his liquor license.

Fourth, Moralez objects that the Clerk of the Court did not docket his "Motion for Admission" and "Motion for Concurrence" before the June 21st hearing and that the magistrate judge did not consider the motions. It was within the magistrate judge's discretion to not consider a motion presented for the first time on the day of the hearing.

Fifth, Moralez claims that certain motions were delivered to him too late to do research before the hearing. But he makes no indication that the motions he complains of were even relevant to the June 21st hearing. Moralez's final two objections are incomprehensible and without merit.

For the reasons stated, having reviewed the report and recommendation (R. 63) and Moralez's objections (R. 68), the Court will ADOPT the report and DENY Moralez's requests for injunctive relief (R. 37, 38). Additionally, as the Court declines to exercise supplemental jurisdiction over Moralez's state-law claims, to the extent any of the counts in his complaint assert a state-law cause of action, the claim is DISMISSED. Any further briefing in this case should be limited to federal law. Further, the Court advises Moralez to familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules and to refrain from burdening the Court with excessive filings.

SO ORDERED.

Dated: July 24, 2017

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 24, 2017.

s/Keisha Jackson
Case Manager