UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABELARDO MORALEZ,

              Plaintiff,

v.

MICHAEL SHANNON MOORE,
THOMAS WILSON, AMANDA RISKA,
ROBERT D. MOORE, JASON GANZHORN,
RICHARD MICHAEL KLIMMER,
GERALD WHALEN, GLENN J. PAGE,
PATRICK BURTCH, JENNY MORRIS,
SHERIDAN SURVEYING, P.C.,
THOMAS TINKLEPAUGH, ADAM BROOKER, and MICHIGAN
LIQUOR CONTROL COMMISSION,

              Defendants.

Case No. 2:17-cv-10567
District Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

_____/

## ORDER DENYING PLAINTIFF'S MOTIONS FOR DISQUALIFICATION (DEs 95, 99)

**A.    Background**

Plaintiff filed this lawsuit *in pro per* on February 21, 2017. Shortly thereafter, Judge Michelson referred this case to me for pretrial matters pursuant to 28 U.S.C. § 636(b)(1). On June 21, 2017 the parties appeared in my courtroom for argument on Plaintiff's then pending motions, and I also conducted a status/scheduling conference. (DE 50.)

The following day, I issued several rulings and recommendations, including:

1

- a report recommending that the Court deny Plaintiff's May 31, 2017 motions that seek injunctive relief (DEs 37 and 38);

- an order regarding Defendant Sheridan Surveying, P.C.'s April 20, 2017 letter (DE 27) and directing Defendant Sheridan Surveying, P.C. to enter an appearance of counsel;

- an order denying Plaintiff's May 31, 2017 discovery-related motions (DEs 36 and 39); and,

- an order regarding motion practice, setting deadlines and denying as moot Defendant Page's motion for a protective order staying discovery (DE 60)

(DEs 63, 64, 65, 66.)

On July 24, 2017, Judge Michelson entered an order adopting my report and recommendation, denying Plaintiff's motions seeking injunctive relief, and partially dismissing the case. In particular, she declined to exercise supplemental jurisdiction over Plaintiff's state-law claims, which amounts to dismissal of any state-law cause of action in this case. (DE 79 at 5.)

**B. Instant Motion**

On November 3, 2017, with seven defense motions to dismiss pending, Plaintiff filed what he titles a "MOTION FOR DISQUALIFICATION OF CASE DISMISSAL MAGISTATE PATTI AND CASE RE-ASSIGNMENT FROM THE CASE TRANFERENCE OF THE HONORABLE MICHELSON FOR TRIAL

BUY A SPECIAL GRAND JURORS." (DE 95 at 1-8. 10.) A duplicate of this motion was filed on November 16, 2017. (DE 99 at 1-9.)[1]

Although these filings are difficult to decipher, Plaintiff *seems* to take issue with, at least: **(a)** the June 21, 2017 hearing, **(b)** the June 22, 2017 filings, and **(c)** the September 7, 2017 order directing the Clerk of the Court to strike certain filings by Plaintiff (DE 83 & DE 85). In addition, he seems to ask that I not be permitted to issue a report and recommendation on MLCC's motion to dismiss (DE 89) - regarding which he has filed a response (DE 96) – before the instant motion for disqualification is decided. (DE 95 at 10 ¶ 32.)

## C.     28 U.S.C. § 455

Plaintiff brings this motion pursuant to 28 U.S.C. § 455, seemingly under Subsection (a), which provides: "Any justice, judge, or magistrate judge of the

---

[1] The page differences of these duplicate filings can be explained as follows: **(a)** the case law appendices attached to each filing differ in page length (*compare* DE 95 at 9, 11-20; DE 99 at 10-17) and **(b)** the proof of service is attached to one of the filings but is filed separately for the other (*compare* DE 97 at 1, DE 99 at 18.) The Court suspects that several of Plaintiff's filings show up as duplicates on the docket because perhaps Plaintiff is diligently delivering copies of each filing to both the Clerk's Office and chambers, with the latter then being scanned onto the docket a second time. (*See also* DE 50 at 3 n.1.) Plaintiff should deliver all of his court filings, including judges' copies, solely to the Clerk's Office, to avoid duplication. The Clerk's Office will, in turn, distribute copies to the respective judges.

3

United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." (DE 95 at 7-8 ¶¶ 23, 29, 30.).[2]

It is well settled that "'disqualification under section 455(a) must be predicated … upon *extrajudicial conduct* rather than on judicial conduct.'" *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983) (emphasis added) (quoting *City of Cleveland v. Krupansky,* 619 F.2d 576, 578 (6th Cir. 1980)). Moreover, Section 455 "is self-executing, requiring the judge to disqualify himself for personal bias even in the absence of a party complaint." *Story*, 716 F.2d at 1091. *See also, Easley v. Univ. of Michigan Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (quoting *Story*, 716 F.2d at 1091).

A recusal motion is committed to the sound discretion of the district court. *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) ("The district court did not abuse its discretion by denying Heard's motion to recuse."); *see also, Hammond v. City of Troy*, No. 15-12051, 2016 WL 750676 (E.D. Mich. Feb. 26, 2016) (Whalen, M.J.) (denying motion to disqualify himself and explaining that motions

---

[2] Plaintiff also mentions E.D. Mich. LR 5.1(c) ("Number of Copies Required for a Three-Judge Court."), E.D. Mich. LR 9.1(c) ("Request for Three-Judge Court"), and 28 U.S.C. § 2284 ("Three-judge court; when required; composition; procedure"). (DE 95 at 2 ¶ 2, DE 95 at 5 ¶¶ 14, 15.) However, to the extent Plaintiff makes such a request based upon E.D. Mich. LR 9.1(b) ("Procedure for Notification of Any Claim of Unconstitutionality.") (*see* DE 95 at 5 ¶ 15), it is unclear which Act of Congress or state statute Plaintiff is contesting.

4

for recusal under Section 455 may not be based upon the content of rulings or conduct which is not extrajudicial).

**D.     Discussion**

Upon consideration, the Undersigned declines to disqualify himself from this case. "Under § 455, a judge must *sua sponte* recuse himself if he knows of facts that would undermine the appearance of impartiality." *Youn v. Track, Inc.*, 324 F.3d 409, 422–23 (6th Cir. 2003) (citing *Liteky v. United States,* 510 U.S. 540, 547–48 (1994)). To the extent Plaintiff relies upon this statute, he has not shown why my "impartiality might reasonably be questioned." Nor am I aware of any facts that would undermine the appearance of my impartiality.

Additionally, had Plaintiff instead relied upon 28 U.S.C. § 144, that statute provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a *personal bias or prejudice* either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that *bias or prejudice exists*, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144 (emphases added). Plaintiff's motion appears to be signed under oath and notarized. (DE 95 at 10.) Even if his motion were construed as an "affidavit" and satisfied these statutory requirements− which, in fact, it does not (*see* DE 95 at 6) − Plaintiff's dissatisfaction with the events of June 21, 2017 or my various rulings does not constitute a bias that "'stem[med] from an *extrajudicial source* and result[ed] in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Youn*, 324 F.3d at 423 (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)) (emphasis added) (applying the extrajudicial requirement under Section 144). In short, Plaintiff appears to be requesting a change in judicial officer because he is dissatisfied with my rulings and recommendations, but that is not a basis for recusal. *See, e.g., Wilson v. Lane*, 82 F.3d 419 (6th Cir. 1996) ("The district court did not abuse its discretion by denying Wilson's motion for recusal because Wilson's allegations of judicial bias are based wholly on his dissatisfaction regarding the court's rulings in this case and other unspecified proceedings."); *see also, Ray v. Oakland Cty. Drain Comm'n*, 115 F. App'x 775, 778 (6th Cir. 2004) and *Hammond, supra.*

Finally, although it is unclear from the title of his motion whether he is likewise seeking to have Judge Michelson removed from this case, the motion does not support or identify any valid basis for doing so.

**E.     Order**

In the end, as described above, Plaintiff's motion for disqualification seems to register his disagreement with one or more decisions by the Court which do not satisfy the standards for disqualification or recusal under Sections 455 or 144. Therefore, Plaintiff's motions for disqualification (DEs 95, 99) are **DENIED**.

**IT IS SO ORDERED.**

Dated:  November 21, 2017                s/Anthony P. Patti
                                         Anthony P. Patti
                                         UNITED STATES MAGISTRATE JUDGE


**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on November 21, 2017, electronically and/or by U.S. Mail.

                                         s/Michael Williams
                                         Case Manager for the
                                         Honorable Anthony P. Patti