UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABELARDO MORALEZ,

       Plaintiff,

v.

MICHAEL SHANNON
MOORE, *et al.*,

       Defendants.

_____/

Case No. 2:17-cv-10567
District Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

### REPORT AND RECOMMENDATION TO GRANT DEFENDANT MICHIGAN LIQUOR CONTROL COMMISSION'S MOTION TO DISMISS (DE 89)

**I.  RECOMMENDATION:**  The Court should grant Defendant Michigan Liquor Control Commission's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (DE 89.)

**II.  REPORT:**

    **A.  Introduction**

        **1.  Factual background**

Plaintiff resides at 729 Page Avenue during the winters and at 705 Page Avenue during the summers.  (DE 1 at 5.)  He claims that Moorski's Pub – seemingly owned by Defendant Michael Shannon Moore – is located at 723 Page

1

Avenue. (DE 1 at 1, 18.) The attachments to Plaintiff's complaint evidence several events that relate to Page Avenue and inform the claim at bar:

- On July 4, 2013, Officer Grant of the Jackson City Police Department was dispatched to 729 Page Avenue for an arson report (*See* DE 1 at 37-41, 26 [Complaint # 2013-00018422].)

- On July 22, 2015, an inspection was performed at 729 Page Avenue. On July 24, 2015, the City of Jackson's Neighborhood & Economic Operations issued a notice of several exterior violations at the 729 Page Avenue property, including roofing, siding, driveway, gutters, chimney, stairs/porches, missing screen on insulated door, and electrical (loose service cable). Re-inspection was to occur on October 26, 2015 (*See* DE 1 at 42-44; *see also* DE 1 at 3 ¶ 3, 12-13, ¶¶ 10e, 10f, DE 1 at 27.)

- On September 13, 2016, the Judicial Tenure Commission (JTC) issued its decision regarding Plaintiff's request for investigation. It appears this request concerned an alleged December 31, 2015 / January 23, 2016 refusal by County Clerk / Register of Deeds Riska and/or Judge Wilson to issue and/or consider a personal protective order (PPO) against Defendant Michael Shannon Moore based on the events of July 22, 2015 between Plaintiff and Michael Shannon Moore at 729 Page Avenue. (DE 1 at 28; *see also* DE 1 at 3 ¶¶ 2, 3, DE 1 at 12-13 ¶¶ 10e, 10f.)

- In January 2017, he applied for a building permit to repair the second story roof, yellow siding, point tuck chimney and pant at 729 Page Avenue. (DE 1 at 30-33.) It appears that Plaintiff paid for these repairs on January 23, 2017, subject to his permit being authorized. (DE 1 at 8 ¶ 8b.)

- On February 8, 2017, ALJ William A. Thompson issued an order denying several motions Plaintiff had filed in the Administrative Hearings Bureau (related to the 729 Page Avenue property), and judgment was entered in the amount of $2,510.00. Plaintiff was informed that, if he failed to contact

- the City Attorney's Office by March 10, 2017, it would "result in a lien being imposed on [his] real property in the amount of debt due and owing the City of Jackson." The order of judgment/final order provided for reduction of the fine if the property was brought into compliance by certain dates. (*See* DE 1 at 23-25.)

- On February 16, 2017, Plaintiff applied for a permit to repair roofing and siding at 705 Page Avenue. (DE 1 at 34-35.)

(DE 1 at 22-52.) In addition to those already mentioned, Plaintiff's attachments include copies of other City of Jackson Police Department complaint forms dated between 2013 through 2016. (DE 1 at 26-27.)

### 2. Procedural history

Plaintiff filed his complaint in this Court on February 21, 2017, naming a host of Defendants. Over the course of this lawsuit, 15 summons have been issued. (*See* DE 2 (including Whalen/MLCC), DE 25 (Whalen), DE 84 (MLCC).) Judge Michelson has referred this case to me for pretrial matters. On March 21, 2018, Judge Michelson adopted my report and recommendation and granted six motions to dismiss, which had been filed by 13 Defendants. (DE 102, 131.) As a result, the only remaining, active Defendant is the MLCC.

### B. Defendant MLCC's Motion to Dismiss

On October 2, 2017, Defendant Michigan Liquor Control Commission (MLCC) filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the sole basis of which is Eleventh Amendment immunity. (DE 89.) Plaintiff's response to

the motion was due no later than November 3, 2017. (DE 90.) On November 16, 2017, Plaintiff filed an untimely and largely indecipherable "interlocutory response motion to quash" Defendant MLCC's motion to dismiss, and, purportedly, other motions. (DE 100.) Defendant did not file a reply.

### C. Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the

defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F.App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented … nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations [.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).[1]

### D. Discussion

#### 1. **Plaintiff's claims against the MLCC**

The well pleaded complaint rule recognizes that the plaintiff is "the master of his complaint," and, thus, the Court looks to the pleadings to define Plaintiff Moralez's claims. *Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 322 (6th Cir. 2005). As best as can be determined from the complaint, Plaintiff has been

---

[1] *See also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

involved in an ongoing feud with Defendant Michael Shannon Moore, who Plaintiff alleges is the sole member of Moorski's Pub, L.L.C., which Plaintiff alleges is licensed by the MLCC to sell alcoholic beverages. (DE 1 at 2, 5.)

It seems that Plaintiff's claim against the MLCC is somehow embedded within Count VI. Plaintiff alleges that he: **(a)** spoke with Assistant Attorney General Whalen's office;[2] **(b)** was referred to the complaint enforcement division about getting forms to file a complaint or complaints against Michael Shannon Moore; **(c)** mailed police reports ranging from 2013 through 2015; but, **(d)** "never rec[ei]ved MLCC complaint [f]orms or contact in writing." (DE 1 at 16 ¶ 11b (emphasis in original).) Then, with apparent reference to various incidents involving sundry individuals (including Defendant Michael Shannon Moore and Defendant Klimmer), Plaintiff alleges that "this defendant" – presumably Whalen and/or the MLCC – "by proxy of carnal knowledge" lacks "the cloak of 11th Amendment immunity." (DE 1 at 16 ¶ 11b; *see also* DE 1 at 6 ¶ 6c.) Significantly, Plaintiff's complaint does not allege the MLCC took any specific action against him or violated any of his rights (DE 1 at 16 ¶ 11b), despite his request for $100,000.00 in damages from the MLCC. (DE 1 at 21¶ 16.) Plaintiff does not request any non-monetary relief against the MLCC. (*Id.*)

---

[2] According to Whalen, he and others "provide[] counsel and representation to the MLCC and other state agencies."(DE 31 at 7). Whalen was dismissed upon the adoption of the prior report and recommendation. (DE 131 at 7, 10.)

## 2. Eleventh Amendment immunity

Defendant raises only one basis for dismissal: the Eleventh Amendment shields the MLCC from claims for money damages. (DE 89 at 6, 7.) Although Plaintiff's response is difficult to decipher, he does not appear to address this in his response. The MLCC is an arm of the State of Michigan, pursuant to MCL 436.1209(1) and (2), and is part of the executive branch of the state government. A state and agencies like the MLCC may not be sued in federal court unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has abrogated it. *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003); *Dubac v. Mich. Bd. of Law Examiners*, 342 F.3d 610, 615 (6th Cir. 2003). In this case, no such waiver or Congressional override exists. *See Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) ("The state of Michigan … has not consented to being sued in civil rights actions in the federal courts."). Finally, a state and its agencies are not "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, any claim against the MLCC must be dismissed.

Moreover, the Court notes that, pursuant to MCL 436.1209(2), the MLCC consists of two hearing commissioners and three administrative commissioners who "shall also act as an appeal board to the decisions rendered by the hearing

commissioners." It does not appear that Plaintiff has availed himself of this avenue of relief.

### E. Conclusion

For the reasons above, the Court should grant Defendant MLCC's motion to dismiss Plaintiff's complaint's claims against it pursuant to Rule 12(b)(6). Moreover, even if MLCC were not immune, "Plaintiff fails to explain how actions such as failing to give him forms or pursue liquor law complaints against his apparent nemesis (Defendant Michael Shannon Moore) deprived him of his [federal] civil rights." (DE 102 at 29.) And significantly, Plaintiff's complaint does not plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" nor does it "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). He thus cannot "survive a motion to dismiss[.]" *Iqbal*, 556 at 678.

### III. PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: August 9, 2018        s/Anthony P. Patti
                             Anthony P. Patti
                             UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on August 9, 2018, electronically and/or by U.S. Mail.

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable Anthony P. Patti